**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Terence Tarell Walker,

Plaintiff,

v.

Frank Cortese, et al.,

Defendants.

No. CV-26-06773-PHX-KML

**ORDER**

On June 21, 2026, plaintiff Terence Tarell Walker was attacked by his neighbor's dog. Walker suffered "serious physical injuries" during that attack, and his "medical expenses and related damages" totaled "not less than $20,723.00." Walker filed this suit against his neighbors, defendants Frank Cortese, Cole Pierce, and John and Jane Does 1-5, alleging claims for strict liability under A.R.S. § 11-1025 and negligence. (Doc. 1.) Walker's complaint is dismissed without prejudice and without leave to amend because the court lacks subject matter jurisdiction and amendment would be futile.[1]

"A federal court can decide cases only when it has subject matter jurisdiction." *Shamrock Development Co. v. City of Concord*, 656 F.2d 1380, 1384 (9th Cir. 1981). Either a federal question or diversity of citizenship can provide subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a). Generally, a court has federal question jurisdiction under § 1331 only if "a well-pleaded complaint establishes either that federal law creates the cause of

[1] Defendant Cole Pierce filed a motion to dismiss Walker's complaint in its entirety based on lack of subject matter jurisdiction. (Doc. 5.) That motion is mooted by this order and is therefore denied.

action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (simplified). For diversity jurisdiction under § 1332(a), each plaintiff must be a citizen of a different state from each defendant and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

This court lacks subject matter jurisdiction over Walker's state-law claims. Neither claim raises a substantial federal question and there is not complete diversity of citizenship between the parties.[2] Even if there were complete diversity of citizenship, the complaint seeks $20,723.00, far less than the $75,000 required. And because it is not apparent that the lack of subject matter jurisdiction could be cured by alleging other facts, granting Walker leave to amend the complaint would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); Fed. R. Civ. P. 15(a)(2).

Accordingly,

**IT IS ORDERED** the application (Doc. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close this case.

**IT IS FURTHER ORDERED** that defendant Cole Pierce's motion to dismiss (Doc. 5) is **DENIED** as moot.

Dated this 6th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

[2] The complaint alleges Walker and defendants are residents of Arizona but "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Based on the allegations in the complaint, it appears very likely that Walker and defendants are, in fact, citizens of Arizona.